## MOONEY v. FAGAN.

(*Supreme Court, General Term, First Department.* January 28, 1889.)

1. APPEAL—REVIEW—WEIGHT OF EVIDENCE.

In an action for mason-work done, where the question litigated was whether there was a contract of employment or not, plaintiff testified to a conversation in which defendant said that he would give plaintiff a certain sum for doing the mason-work in question, and another witness testified to the same effect. Defendant testified that plaintiff had asked a certain sum for doing the work, but that he had refused to give it, and that he did not promise to let plaintiff have the work. *Held,* that a finding for plaintiff would not be disturbed.

2. SAME—MATTERS NOT APPARENT IN RECORD.

Exceptions to a refusal to make certain findings are not available where the requests to find are set out, but there is nothing to show what disposition was made of such requests, or that they were ever passed upon.

Appeal from circuit court, New York county.

Action by Christopher Mooney against Charles J. Fagan. Judgment was given for plaintiff, and defendant appeals.

Argued before VAN BRUNT, P. J., and DANIELS and BARTLETT, JJ.

*Samuel Greenbaum,* for appellant. *L. H. Andrews,* for respondent.

BARTLETT, J. The sole ground upon which the defendant asks us to reverse the judgment in this case is that the trial court erred in deciding the issues of fact which were presented for determination. He argues that upon the evidence the case should have been decided in his favor, instead of in favor of the plaintiff. But the exceptions which appear in the record do not suffice to authorize a review of the facts. The defendant excepts to the second, third, and fourth findings of fact, and to the first, second, and fourth conclusions of law, and also to the refusal of the trial judge to find the matters of fact and law requested by the defendant. The exceptions to the findings of fact are unavailable for any purpose. Code Civil Proc. § 992. The exceptions to the refusals to find are equally useless, inasmuch as the appeal-book discloses no such refusals. The requests to find are set out therein, but there is nothing to show what was the disposition made of such requests or any of them, or that the trial judge ever passed upon them at all. Notwithstanding this condition of the record, we have carefully examined the evidence, and deem it quite sufficient to warrant the conclusions reached by the court below. The principal question litigated was whether the defendant employed the plaintiff to do certain mason-work on two houses which the defendant built in West Tenth street, in the city of New York. The plaintiff testified expressly to a conversation with the defendant in which the defendant said he would give him $4,250 for doing the work. His testimony was corroborated by Samuel McMillan, a carpenter and building superintendent, who was also employed upon the houses. The defendant, on the other hand, swore that the plaintiff asked $4,250, but that he said, "No;" and he added: "That was the only conversation I had with reference to doing work for me. I did not at any other time have any conversation with him in regard to his doing any mason-work for me. I did not at any time promise to let him do this work." Upon these contradictory statements by the parties to the action as to the al-

leged contract of employment, the learned judge, who saw both witnesses and heard them testify, believed the plaintiff rather than the defendant, and we are unable to say that he erred in so doing.* The houses were constructed largely under the superintendence of the witness McMillan, and the substance of the defense was that McMillan, and not the defendant, was the real employer of the plaintiff. If a jury had rejected this view of the case, we should not feel justified in interfering with their verdict. Its rejection by the trial judge, upon conflicting proofs, affords no better reason for reversing the judgment than would exist if the action had been tried before a jury. The judgment should be affirmed, with costs. All concur.